UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CHAZ AIRCRAFT, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> TRAVIS LANTIS, Individually, and MAVERICK AVIATION, LLC, <br><br> Defendants. | CIV. 14-5054-KES <br><br><br> ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO STAY |

Defendants, Travis Lantis and Maverick Aviation, LLC, move the court to dismiss or stay this action based on a pending state-court action in Florida. Plaintiff, Chaz Aircraft, LLC, has not responded. For the following reasons, the court denies the motion to dismiss but grants the motion to stay.

## FACTUAL BACKGROUND

Chaz Aircraft is a Florida limited liability company. Lantis is a South Dakota citizen. Maverick Aviation is a South Dakota limited liability company. In 2007, Lantis was president of Maverick Aviation. On December 18, 2007, Maverick Aviation and Chaz Aircraft entered into an aircraft purchase agreement in Florida, in which Maverick Aviation agreed to sell, and Chaz Aircraft agreed to purchase, a 1981 Conquest II airplane for $2,075,000.[1] The airplane was located in Florida at all relevant times. The purchase closed on August 26, 2008.

---

[1] The purchase price was subsequently reduced by $70,000.

Prior to closing, Maverick Aviation was to complete certain installations, inspections, and repairs. Mechanic Don Beaty and his business, Royal Atlantic Aviation, Inc., located in Melbourne, Florida, and Tony Fremo of Tri-State Avionics, LLC, located in Rapid City, South Dakota, both performed work on the airplane. Chaz Aircraft alleges that numerous misrepresentations were made, including inaccurate or fraudulent logbook entries and inaccurate or fraudulent Federal Aviation Administration forms and status reports.

Based on those alleged misrepresentations, Chaz Aircraft filed suit against Lantis, Maverick Aviation, Royal Atlantic, Beaty, Tri-State Avionics, and Fremo in Florida state court on August 21, 2009. That suit made the following claims: Count One: rescission, cancellation, and damages based on material misrepresentations of latent defects against Maverick Aviation and Lantis; Count Two: fraudulent misrepresentation against all defendants; Count Three: fraudulent inducement against all defendants; Count Four: negligent misrepresentation against Maverick Aviation and Lantis; Count Five: conspiracy against Lantis, Beaty, and Fremo; Count Six: violation of the Florida Deceptive and Unfair Trade Practices Act against all defendants; and an alternative count alleging breach of contract against Maverick Aviation.

Discovery was conducted from July 2010 through August 2014. On August 28, 2014, the Florida court held an evidentiary hearing on jurisdictional issues. On September 15, 2014, the Florida trial court judge dismissed Lantis based on a lack of personal jurisdiction. Docket 7-2 at 2-3 ("There was no evidence presented that Travis Lantis, individually, committed a

- 2 -

tort in Florida, nor was there evidence sufficient to pierce the corporate veil of Defendant Maverick Aviation, LLC for jurisdictional purposes."). The Florida court found that it did have jurisdiction over Maverick Aviation. Docket 7-3 at 2. This court has no other information regarding the progress of the Florida action.

On August 22, 2014, Chaz Aircraft filed this action against Lantis and Maverick Aviation. The complaint alleges claims against Maverick Aviation and Lantis for fraudulent misrepresentation, fraudulent inducement, negligent misrepresentation, conspiracy, violation of the Florida Deceptive and Unfair Trade Practices Act, and breach of contract. The complaint also recites the same underlying facts set forth in the Florida state-court complaint.

Following service of the complaint in this action, Lantis and Maverick Aviation filed a motion to dismiss, or alternatively a motion to stay, this proceeding based on the pending state-court proceeding in Florida. Docket 7. Over two months have passed without a response from Chaz Aircraft.

## DISCUSSION

In *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), the Supreme Court addressed "principles . . . which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts." *Id.* at 817. "These principles rest on consideration of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S.

180, 183 (1952)). Although federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," exceptional circumstances permit a federal court to abstain from exercising jurisdiction when a concurrent state-court action is also pending. *Id.* at 817-18.

To determine whether exceptional circumstances exist, a court should evaluate the following factors:

> (1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority— not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

*Mountain Pure, LLC v. Turner Holdings, LLC*, 439 F.3d 920, 926 (8th Cir. 2006) (quotation marks omitted). "These factors are not intended to be exhaustive, nor are they mechanically applied." *Id.* When applying the *Colorado River* factors, " 'the balance [is] heavily weighted in favor of the exercise of jurisdiction.' " *Id.* (alteration in original) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr.*, 460 U.S. 1, 16 (1983)). Ultimately, a court's task "is not to find some substantial reason for the *exercise* of federal jurisdiction . . . rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Moses H. Cone*, 460 U.S. at 25-26 (italics in original).

A state action must be parallel to the federal case before a federal court may decline to exercise its jurisdiction under *Colorado River* based on the pendency of the state-court action. *See Cottrell v. Duke*, 737 F.3d 1238, 1245 (8th Cir. 2013) ("The threshold question is whether the state and federal proceedings are parallel."). "Jurisdiction must be exercised if there is any doubt as to the parallel nature of the state and federal proceedings." *Fru-Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 535 (8th Cir. 2009). In the Eighth Circuit, to be parallel, 'a substantial similarity must exist between the state and federal proceedings, which similarity occurs when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court.' " *Cottrell*, 737 F.3d at 1245 (quoting *Fru-Con Constr. Corp.*, 574 F.3d at 535). Courts look to " 'sources of law, required evidentiary showings, measures of damages, and treatment upon appeal' for each claim." *Id.* (quoting *Fru-Con Constr. Corp.*, 574 F.3d at 536).

The Florida proceeding initially named Royal Aviation, Beaty, Fremo, and Tri-State Avionics as defendants in addition to Lantis and Maverick Aviation. But courts must consider proceedings as they presently exist, not as they existed when they were originally filed. *See Fru-Con Constr. Corp.*, 574 F.3d at 540-45 (Bye, J., concurring in the result and joining the dissent in part and Shephard, J., dissenting). Judge Dugan's letter refers to the proceeding as "Chaz Aircraft, LLC vs. Travis Lantis, Individually; Maverick Aviation, LLC; Royal Atlantic Aviation, Inc.; Donnie D. Beaty, Individually." Docket 7-3 at 2. The letter also indicates that Florida has "jurisdiction to proceed in this matter

with regard to Maverick Aviation, LLC, but not as to Travis Lantis,

individually," but does not discuss jurisdiction over Fremo or Tri-State

Avionics, both from South Dakota. *Id.* Based on those factors, it appears that

Fremo and Tri-State Avionics are no longer parties to the Florida proceeding.

Royal Atlantic and Beaty are likely not named as defendants here because that

addition would destroy this court's diversity jurisdiction, although the

conspiracy claim in this proceeding alleges that Lantis conspired with both

Beaty and Fremo. The parties need not be identical for actions to be parallel.

*See Fru-Con Constr. Corp.*, 574 F.3d at 535 (requiring only "substantially

similar parties"). Although the named defendants in both proceedings are not

identical based on jurisdictional reasons, the underlying transaction and

alleged actions by the parties are identical.

The claims alleged in the Florida proceeding are identical to the claims

alleged in this proceeding. The sources of law are identical, as this court would

likely apply Florida law. Thus, the evidentiary showings and measures of

damages will also be identical. Furthermore, the complaint in this proceeding is

based on facts identical to the facts alleged in the Florida proceeding. Due to

the similarity of the claims, and the fact that both proceedings relate to the

same transaction and alleged misrepresentations, it is likely that the Florida

proceeding will fully dispose of the claims present in this proceeding.

Because the proceedings are parallel, the court turns to the factors laid

out in *Colorado River* to determine if abstention is appropriate. Defendants here

recognize that the first factor is neutral because there is no property involved.

The second factor, whether the federal forum is inconvenient, weighs slightly in favor of abstention because while the federal forum is convenient for the defendants and inconvenient for Chaz Aircraft, it is also inconvenient for potential witnesses from Florida and key evidence.

The third factor, avoidance of piecemeal litigation, is the most significant factor. *See Mountain Pure*, 439 F.3d at 926-27 (stating that the third factor "is the predominant factor"). "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *LaDuke v. Burlington Northern R.R. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989).

If this court were to proceed with this action, it would need to determine whether Chaz Aircraft would be successful under any of its claims alleged against Lantis or Maverick Aviation. These are the same claims that are alleged against Maverick Aviation in the Florida action. This may result in an inconsistent judgment and such an inconsistent judgment would impair the "legitimacy of the court system in the eyes of the public." *See Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 694 (7th Cir. 1985).

Additionally, the Eighth Circuit has stated that courts should favor "the most complete action." *See Federated Rural Elec. Ins. Corp. v. Ark. Elec. Coops., Inc.*, 48 F.3d 294, 298 (8th Cir. 1995). This proceeding does not include Royal Atlantic or Beaty, likely for jurisdictional reasons. Thus, although this court has personal jurisdiction over Lantis in addition to Maverick Aviation, this proceeding does not include either Royal Atlantic or Beaty. Without those

defendants, this court cannot provide a "comprehensive disposition" of the litigation. *Colorado River*, 424 U.S. at 817.

Because the issues in both proceedings are the same, adjudication by this court of the issues before the Florida court presents a risk of inconsistent judgment. Additionally, relitigation of the same issues in this court does not promote judicial efficiency or a comprehensive resolution of the litigation. Therefore, the third factor weighs heavily in favor of abstention.

The fourth factor also weighs in favor of abstention. The Florida proceeding began in 2009, whereas this proceeding began in 2014. More importantly, the parties have been engaged in discovery for over four years in the Florida proceeding, but in this proceeding no answer has been filed. Although the court does not have definitive information on the progress of the Florida proceeding, it is clear that the Florida proceeding has advanced further than this proceeding.

The fifth factor does not carry much weight under the facts presented here. Florida law likely applies, but "[t]he presence of state law issues . . . only weighs in favor of abstention in rare circumstances." *Mountain Pure*, 439 F.3d at 927. This case does not appear to present such rare circumstances. This case does not present issues of federal law, however, so this factor does not weigh in favor of exercising jurisdiction.

The sixth factor, whether the state forum can adequately protect the plaintiff's rights, weighs slightly in favor of abstention as well. The only advantage of the federal forum in this instance is that this court has personal

jurisdiction over Lantis. The Florida court has jurisdiction over Maverick Aviation, and presumably could order any necessary relief against Maverick Aviation, even if that relief would not be granted against Lantis personally.[2] Because Chaz Aircraft has failed to respond, this court does not have the benefit of knowing Chaz Aircraft's position on whether relief that is available in this court is not available in Florida.

As part of the sixth factor, the Eighth Circuit has considered "whether the federal or state suit is filed . . . for a vexatious, reactive or tactical reason." *Federated Rural Elec. Ins. Corp.*, 48 F.3d at 299 (citing *Moses H. Cone*, 460 U.S. at 17). The timing of this filing, over five years after the case was brought in Florida, and on the eve of an evidentiary hearing on jurisdictional issues, suggests that this case was brought in anticipation of the Florida court's decision regarding personal jurisdiction over Lantis. That fact suggests that Chaz Aircraft filed this suit to secure a remedy that was not available in the Florida state court forum or to ensure its rights were adequately protected.

From the analysis of the *Colorado River* factors, the first and fifth factors do not weigh in either direction. The sixth factor weighs slightly against abstention. The second factor weighs slightly in favor of abstention. The fourth

---

[2] Additionally, because this court is granting the motion to stay rather than the motion to dismiss, this court will retain jurisdiction in the event that an order from this court is necessary to give effect to a judgment from the Florida court, or if the state forum later proves to be inadequate. *See Moses H. Cone*, 460 U.S. at 28 ("It is true that Mercury could seek to return to federal court if it proved necessary; but that would be equally true if the District Court had dismissed the case. It is highly questionable whether this Court would have approved a dismissal of a federal suit in *Colorado River* . . . if the federal courts did not remain open to a dismissed plaintiff who later demonstrated the inadequacy of the state forum.").

factor also weighs in favor of abstention, but because the court does not know the progress of the Florida litigation, it is unclear exactly how much weight this factor carries. The third factor, however, weighs decisively in favor of abstention. Given the importance of the third factor, the absence of any factor weighing strongly in favor of an exercise of jurisdiction, and the principles underlying the *Colorado River* doctrine, the court finds that this case constitutes the type of exceptional circumstances in which abstention is appropriate.

Having decided that abstention is appropriate in this case, the court must decide whether to dismiss the case or stay it. In ordering either dismissal or a stay, a federal court deciding to abstain will "have nothing further to do in resolving any substantive part of the case." *Moses H. Cone*, 460 U.S. at 28. Nonetheless, the Eighth Circuit has expressed a preference for a stay so that a federal forum will remain available if the state-court litigation does not provide a complete and prompt resolution of the issues. *See Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 797-98 (8th Cir. 2008) (" '[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case . . . fails to resolve the matter in controversy.' " (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 n.2 (1995)); *see also* 17A Charles Alan Wright et al. *Federal Practice and Procedure* § 4247 (3d ed.).

This suit was filed five years and one day after the state court proceeding was filed and almost six years after the purchase of the airplane closed. Based on the timing of this suit, it is possible that a statute of limitations could become an issue should Chaz Aircraft need to return to this court. Furthermore, the Florida court will not reach the merits of the claim against Lantis. For those reasons, and based on the general preference for a stay over dismissal, defendants' motion to dismiss is denied but the alternative motion to stay is granted.

## CONCLUSION

This proceeding is parallel to the Florida state-court proceeding, and abstention is warranted under *Colorado River*. Although the court is abstaining, a stay rather than dismissal is the appropriate mechanism in this case. Accordingly, it is

ORDERED that the motion to dismiss or stay by defendants Maverick Aviation, LLC, and Travis Lantis (Docket 7), is granted in part and denied in part consistent with the order, and this case is stayed pending resolution of the Florida state-court proceeding.

Dated December 5, 2014.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE